IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

KEITH RUSSELL JUDD             §

VS.                            §   CIVIL ACTION NO. 1:08cv93

BARACK OBAMA                   §

<u>MEMORANDUM OPINION</u>

Plaintiff filed this lawsuit against Barrack Obama, John McCain, Hillary Rodham Clinton, Project Vote Smart, Inc., the Democratic National Committee, the Republican National Committee, the campaign committees of Barrack Obama, John McCain and Hillary Rodham Clinton, the Federal Election Commission, and the Federal Communications Commission. Plaintiff seeks more than $500,000,000,000 in damages. Plaintiff has filed several motions (doc. nos. 13, 25, 30, 42 and 62) asking the court to transfer this matter to the Court of Federal Claims.

*Claim under Tucker Act*

Initially, plaintiff citing the Tucker Act, 28 U.S.C. § 1491, states the Court of Federal Claims has exclusive jurisdiction over any claim, in excess of $10,000, against the United States founded upon the Constitution, an Act of Congress,

a regulation of an executive department, an express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort. 28 U.S.C. § 1491(a)(1). The Court of Federal Claims and federal district courts have concurrent jurisdiction over such claims that do not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2). Plaintiff states he seeks money damages in this action based on an express or implied breach of contract.

Plaintiff's argument with respect to the Tucker Act is without merit. The contract plaintiff cites is a Pretrial Diversion Agreement between him and the United States Attorney for the Western District of Texas which was signed in 1996. However, it has been determined plaintiff's Pretrial Diversion Agreement does not provide for money damages and is therefore not a contract within the meaning of the Tucker Act. *Judd v. United States*, 189 Fed.Appx. 951 (Fed. Cir. 2006). As a result, the Court of Federal Claims does not have subject-matter jurisdiction over this claim. *Id*.

In addition, plaintiff makes no mention of the Pretrial Diversion Agreement in his complaint and has at no point indicated how any of the named defendants had any involvement

with the Pretrial Diversion Agreement. As the Court of Federal Claims lacks subject-matter jurisdiction over this claim, the claim shall not be transferred to that court.

*Copyright Claims*

Plaintiff also asserts this matter should be transferred to the Court of Federal Claims because 28 U.S.C. § 1498 gives that court exclusive jurisdiction over claims of copyright infringement by the United States.

In his complaint, plaintiff alleges that the defendants have infringed on his "written and recorded Political Science Programs, Presidential and other political views and positions, and special political campaign design and new governmental designs." As plaintiff has named two agencies of the United States as defendants, the court is of the opinion that, in light of the provisions of 28 U.S.C. § 1498, plaintiff's claims regarding copyright infringement must be transferred to the Court of Federal Claims.

## Conclusion

For the reasons set forth above, plaintiff's motion will be granted to the extent that his claims regarding copyright infringement will be severed and transferred to the court of Federal Claims. The motion will be denied in all other respects.

An order shall be entered in accordance with this memorandum opinion.

**SIGNED** this __5__ day of _____April_____, 2010.

*/s/ Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE